IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN CENTURY PROPRIETARY HOLDINGS, INC., | § § § § § | |
| Plaintiff, | | |
| versus | § § § | CIVIL ACTION NO. H-05-2179 |
| AMERICAN CENTURY CASUALTY, | § § § | |
| Defendant. | § | |

## ORDER REJECTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

Having received Plaintiffs' Objections to Recommendation (Instrument No. 48 signed on April 12, 2007) of Magistrate Judge, this Court makes a de novo determination of those portions of Magistrate Judge Mary Milloy's Memorandum and Recommendation, regarding Defendant's Motion for Summary Judgment **(Instrument No. 37)**, to which Plaintiffs objected, in accordance with 28 U.S.C. § 636(b)(1).

Notwithstanding, a finding by the Magistrate that the Plaintiff had a strong mark, that Defendants' use of its marks had caused actual confusion, and that Plaintiff had priority of rights, the Magistrate recommended that the Motion for Summary Judgment be denied, finding that several "digits of confusion" did not weigh in Plaintiff's favor. The Court rejects that finding by the Magistrate.

Specifically, with respect to the Magistrate's finding regarding the similarity of the marks, this Court finds that the based on the appearance, sound, and meaning of the parties' marks, the marks are clearly similar. Accordingly, the Court rejects that finding by the Magistrate that the

Plaintiff has not shown that the marks are sufficiently similar that prospective purchasers are likely to believe that the two users are somehow associated

With respect to the factor regarding similarity of services, the Court finds that. consumers are likely to view the parties' businesses as logically affiliated or connected. Although the Magistrate acknowledged the relevance of consumer perception and Plaintiffs' evidence regarding the marketplace and evidence submitted by Plaintiff, the Magistrate found that the similarity of service factor does not weigh in the Plaintiffs favor. The Court rejects that recommendation. Plaintiff presented evidence that numerous well-known companies provide investment and insurance services (including automobile insurance services) under the same marks, and in many cases within the same advertising pieces, and Defendants did not contest this evidence.

The Magistrate dismissed Plaintiff's evidence, because Defendants submitted evidence that they had no intention of expanding into financial services, Defendants had not portrayed themselves to the public as anything other than an insurance company, and the parties' marks were different. (Report, p. 14). However, these points are not relevant to the similarity of services analysis. There is certainly no requirement that the parties' services be directly competitive for the services to be deemed closely related or complementary in a likelihood of confusion analysis.

The Magistrate held that in order to succeed under the Texas Anti Dilution Statute, Plaintiff must show that its mark is sufficiently distinctive and that there is a likelihood of dilution. The Magistrate found that there were genuine issues of material fact with respect to each of these elements, however the Court disagrees. The Court finds that the facts clearly show that Plaintiffs' mark is distinctive and that there are no genuine issues of material fact regarding whether a likelihood of dilution exists.

Accordingly, the Court finds that Plaintiff has shown that the "digits of confusion" are "closely balanced," and that the majority of them weigh in its favor. There is clearly a likelihood of confusion. Plaintiff is entitled to summary judgment on Claims I, II, IV and V.   I T   I S

THEREFORE IT IS ORDERED that Plaintiff's Motion for Summary Judgement on Claims I, II, IV and V is GRANTED.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 10TH day of May, 2007, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**